UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SCOTT SAMUEL**<br><br>**VERSUS**<br><br>**REMOTEMD MEDICAL SERVICES LLC** AND **OFFSHORE SERVICE VESSELS, L.L.C.** | CIVIL ACTION<br><br>NUMBER:  19-10237 |

## COMPLAINT

Plaintiff, Richard Scott Samuel, an individual of the full age of majority and domiciled in Jefferson Parish, Louisiana, respectfully represents as follows:

I.

Made Defendants herein are:

A. RemoteMD Medical Services LLC, a limited liability company, authorized to and doing business in the State of Louisiana; and

B. Offshore Service Vessels, L.L.C., a limited liability company, authorized to and doing business in the State of Louisiana.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c).  This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

On and prior to October 2018, Defendant, Offshore Service Vessels, LLC, owned and operated an offshore construction and support vessel known as the M/V ISLAND PERFORMER.

V.

At all pertinent times, Defendants, RemoteMD Medical Services LLC and Offshore Service Vessels, L.L.C., employed Plaintiff, Richard Samuel Scott, as a Jones Act seaman assigned to the aforementioned vessel.

VI.

In or about October 2018, Plaintiff was working aboard the M/V ISLAND PERFORMER, which was upon navigable waters, unloading heavy boxes of equipment/supplies by himself, causing him to be severely injured.  This incident was caused as a result of the negligence of Defendants, RemoteMD Medical Services LLC and Offshore Service Vessels, L.L.C., and their employees.

VII.

Plaintiff suffered severe and disabling injuries to his left shoulder.

VIII.

The above-described incident was caused by the negligence of Defendants, RemoteMD Medical Services LLC and Offshore Service Vessels, L.L.C., their agents, servants, employees or others for whom they are legally responsible in the following, though not exclusive, respects:

A. By failing to provide Plaintiff with a safe place to work;

B. In failing to create a safe work environment for Plaintiff;

C. In failing to provide adequate assistance to do his job safely; and

D. Other acts of negligence that will be demonstrated at the trial of this matter.

IX.

Due to the injuries sustained by Plaintiff, Richard Samuel Scott, he has endured physical disability, has suffered grievous physical and mental pain and anguish, embarrassment, and is entitled to recover from Defendants, RemoteMD Medical Services LLC and Offshore Service Vessels, L.L.C., the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS.

SECOND CAUSE OF ACTION

X.

And now, Plaintiff, Richard Samuel Scott, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XI.

Under the general maritime law, it was the duty of Defendant, Offshore Service Vessels, L.L.C., as the owner and operator of the M/V ISLAND PERFORMER, to furnish its seamen employees with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XII.

Plaintiff shows that at the time and place of the occurrence of the incident, in or about October 2018, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendant, Offshore Service Vessels, L.L.C.

XIII.

Plaintiff avers that the failure of Defendant, Offshore Service Vessels, L.L.C., to provide Plaintiff with a safe place to work, failure to properly train its employees, and failure to provide an adequate crew renders the M/V ISLAND PERFORMER unseaworthy, and that

unseaworthiness was a proximate cause of Plaintiff's incident and injuries, and his resulting illness and disability.

### THIRD CAUSE OF ACTION

XIV.

Now, Plaintiff, Richard Samuel Scott, alleges a third cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

XV.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, for any period after October 2018, wherein Defendants will owe Plaintiff wages, maintenance and cure, and to an underdetermined date in the future, during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorneys' fees in the event that he is required to pursue by proper procedure the recovery of said maintenance and cure.

### JURY DEMAND

Pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, Richard Samuel Scott, demands a judgment against Defendants, RemoteMD Medical Services, LLC and Offshore Service Vessels, L.L.C., in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action and for all appropriate and

general relief and for a trial by jury.

Plaintiff further demands judgment against Defendant, RemoteMD Medical Services, LLC and Offshore Service Vessels, L.L.C., for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS. Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendants.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

        Respectfully submitted:

        _____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone: (985) 778-0771
Facsimile: (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
***Counsel for Plaintiff, Richard Samuel Scott***

**TO BE SERVED BY SUMMONS:**

RemoteMD Medical Services, LLC
*Through its registered agent for service:*
Steve C. Serio
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170

Offshore Service Vessels, L.L.C.,
*Through its registered agent for service:*
Dionne C. Austin
16201 East Main Street
Cut Off, LA 70345